IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-560-BO

| | | |
|---|---|---|
| TIFFANY MCGINITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| USAA FEDERAL SAVINGS BANK, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion [DE 16] to strike two of defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). For the reasons discussed below, the motion [DE 16] is GRANTED IN PART.

## BACKGROUND

Plaintiff filed this action in December 2019, bringing claims for violation of the Telephone Consumer Protection Act, violation of the North Carolina Fair Debt Collection Act, punitive damages, and intrusion upon seclusion. In its answer, defendant asserted three affirmative defenses: (1) prior express consent, (2) failure to mitigate, and (3) setoff. Plaintiff moves to strike the second and third defenses.

For failure to mitigate, the answer only states: "Plaintiff's claims are limited to the extent that plaintiff failed to mitigate plaintiff's alleged damages." For setoff, the answer states:

> USAA FSB is entitled to setoff Plaintiff's damages, if any, in connection with Plaintiff's credit card account with USAA FSB. Pursuant to the USAA Credit Card Agreement between the parties, under which USAA FSB has fully performed and Plaintiff has not, USAA FSB is entitled to setoff in the amount of $2,856.95. including interest and attorney's fees as provided for by the USAA Credit Card Agreement and other applicable law.

Plaintiff argues the failure to mitigate defense is not stated with a requisite level of particularity and plausibility for plaintiff to conduct discovery and respond to the defense. Plaintiff argues that the setoff defense must be brought as a counterclaim.

The motion is fully briefed and ripe for disposition.

## DISCUSSION

"Federal Rule of Civil Procedure 12(f) permits a district court, on motion of a party, to order stricken from any pleading any insufficient defense." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). In considering whether to allow a motion to strike an affirmative defense, the Court applies the same pleading requirements as those applied to a complaint; in other words, the Court considers whether the defenses pleaded contain "more than labels and conclusions" or "a formulaic recitation." *See Racick v. Dominion Law Assoc.*, 270 F.R.D. 228, 233–34 (E.D.N.C. 2010) (following the majority of courts in this circuit that mandate the same pleading requirements for affirmative defenses as for complaints) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court grants plaintiff's motion with respect to defendant's failure to mitigate defense. Defendant's failure to mitigate defense is a bald assertion with no accompanying facts—much less facts that would permit the Court to draw a reasonable inference that would suggest a cognizable defense. Defendant appears to be tossing the defense into the case without any basis for it, compelling plaintiff to commit time and resources to it during discovery. The defense is therefore stricken. However, the Court grants defendant leave to amend its answer. *Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 336 (D. Md. 2012) ("[W]hen affirmative defenses are stricken, the defendant should normally be granted leave to amend.").

The setoff defense, on the other hand, is properly stated. Setoff is "an affirmative defense which must be pled and proven by the party asserting it." *Durham v. SMI Indus. Corp.*, 882 F.2d 881, 883 (4th Cir. 1989). Defendant references the relevant credit card agreement and even provides a dollar amount. Defendant has plausibly stated that it has a viable offset defense and plaintiff's motion to strike is denied.

## CONCLUSION

For the reasons discussed above, plaintiff's motion is GRANTED as to defendant's second affirmative defense. The Court STRIKES defendant's second affirmative defense: failure to mitigate.

Defendant is permitted to amend its answer within 21 days of the date of entry of this order to include properly pleaded affirmative defenses. Moreover, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave shall be freely given if justice so requires should defendant seek to amend the answers to include an affirmative defense, the existence of which is uncovered during discovery.

So ORDERED, this __14__ day of April, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE